Jeff KNIGHT et al., Appellants, v. BOOTH LUMBER & LOAN CO., Appellee.
(No. 3737.)

Court of Civil Appeals of Texas. Texarkana.
Nov. 21, 1929.

Rehearing Denied Dec. 5, 1929.

Ballowe & King, of Dallas, for appellants.
Crate Dalton, of Dallas, for appellee.

HODGES, J. This suit was filed by appellee, the Booth Lumber & Loan Company, against the appellants Knight and Chambers to recover $500 as the value of a pair of mules and a wagon and harness. The facts show that the appellee sold the mules to one E. G. Lithicum, taking his note secured by a chattel mortgage on the property. Some time after the sale, and after the mortgage had been filed for registration in the office of the county clerk, Lithicum sold the mules and other articles to the appellants.

In response to special issues the jury found, in substance, that the mules had been mortgaged as alleged, and that the same mules purchased by appellants from Lithicum were the mules described in the mortgage; that both of the appellants had actual notice of the mortgage; and, further, that the facts and circumstances surrounding the purchase of the mules from Lithicum and that the fact that the mortgage taken was recorded were sufficient to put a reasonably prudent man on notice that the plaintiff had a mortgage on the mules. The jury further found that the market value of the mules was $400, and judgment was rendered for that sum against the appellants.

The evidence was probably not sufficient to support a finding that appellants had actual notice of the existence of the mortgage. However, we think the judgment was authorized upon other undisputed facts and findings of which no complaint has been made. The mortgage, while rather vague in its description of the mules, was introduced in evidence without objection.

Appellants insist that the court erred in overruling an exception to the petition, because of the failure of the petition to allege the value of the mules separately. The exception relied on did not, we think, present that particular objection, and for that reason we cannot say that the court erred in refusing to sustain it. The objection is, to say the least, technical, and does not, under the record, affect the real merits of the controversy.

Finding no reversible error, the judgment will be affirmed.